United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM GRECIA,**<br><br>Plaintiff**,**<br><br>vs.<br><br>**TARGET CORPORATION,**<br><br>Defendant**.** | CASE NO. 17-cv-00323-YGR<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING AS MOOT REQUEST FOR SUMMARY JUDGMENT PREFILLING CONFERENCE**<br><br>Re: Dkt. Nos. 51, 54 |

Plaintiff Grecia has filed over 40 lawsuits against more than a dozen defendants alleging infringement of U.S. Patent No. 8,533,860 ("the '860 patent") by various credit card payment systems and processes. Several of these lawsuits are currently pending before Judge Richard Sullivan in the Southern District of New York ("SDNY Actions").[1] Three of these suits are currently pending before this Court. All three actions were previously stayed pending a claim construction order by Judge Sullivan in the SDNY Actions. (Dkt. No. 41.) Now before the Court is Target Corporation's ("Target") renewed motion to stay this action pending the resolution of one of the SDNY Actions, which involves the same payment system at issue here, *Grecia v. MasterCard Int'l Inc.*, No. 1:15-cv-09059-RJS (S.D.N.Y.) ("MasterCard Action").[2] (Dkt. No. 51

---

[1] Among the SDNY Actions are four actions against various retailers that are based on the same theory asserted here against Target ("Retailer Actions"). *See Grecia v. 1-800-Flowers.com, Inc.*, No. 16-cv-7022-RJS (S.D.N.Y.); *Grecia v. BestBuy.com, LLC*, No. 16-cv-7024-RJS (S.D.N.Y.); *Grecia v. J. Crew Group, Inc.*, 16-cv-7025; *Grecia v. Neiman Marcus Group, Inc.*, No. 16-cv-7111-RJS (S.D.N.Y.). On February 9, 2017, Judge Sullivan stayed the Retailer Actions "until further order of the Court." (*See e.g.*, *Bestbuy.com*, Dkt. No. 35.)

[2] The Court has reviewed the papers submitted by the parties in connection with Target's renewed motion to stay the instant action. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for September 11, 2018 is **VACATED**.

("Motion").)

## I. BACKGROUND

Target filed its initial motion to stay this action on February 6, 2017, arguing that the resolution of Grecia's claims against several credit card network companies, including those articulated in the MasterCard Action, then-pending before Judge Sullivan, would likely resolve Grecia's present claim against Target. (Dkt. No. 25 at 1.) Grecia filed a limited opposition agreeing that the case should be stayed, but arguing that the stay should be pending Judge Sullivan lifting his stay order as to the Retailer Actions. (Dkt. No. 38.) In his opposition, Grecia noted that the Retailer Actions include "precisely the allegations Grecia makes against Target here" and that "Judge Sullivan, based on the 'customer suit doctrine' on which Target relies, ordered the five Retailer Actions 'stayed until further order of the Court.'" (*Id.* at 2.) On March 8, 2017, the Court stayed the instant action pending Judge Sullivan's claim construction order in the SDNY Actions. (Dkt. No. 41.) Judge Sullivan held a hearing on claims construction in the SDNY Actions on May 24, 2018. (*See*, *e.g.*, Docket in MasterCard Action.) During the July 30, 2018 case management conference, the Court lifted the stay as to the two related actions[3] and agreed to accept additional briefing regarding the applicability of a continued stay in the instant action. Target now renews its motion to stay the instant action pending the resolution of the MasterCard Action on the basic grounds that the original rationale for the stay remains, namely that Grecia's present claims against Target will be fully resolved after the MasterCard Action. (Motion at 1.)

## II. ANALYSIS

It is well settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to issue a stay in a case is based on the court's sound discretion and basic principles of equity, fairness, efficiency, and conservation of judicial resources. *See Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).

---

[3] *Grecia v. Dish Network L.L.C.*, Case No. 4:16-cv-00588-YGR and *Grecia v. Adobe Systems Incorporated*, Case No. 4:16-cv-06283-YGR.

2

Disposition of the MasterCard Action will fully resolve all of Grecia's claims against Target. Any settlement of the MasterCard Action will lead to dismissal of claims against Target. *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 533 U.S. 617, 625 (2008) ("The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item.") Alternatively, a determination that MasterCard's payment system technology does not infringe the '860 patent or that the '860 patent is invalid would completely extinguish Grecia's claims against Target. Target's use of the payment system can only infringe on the '860 patent to the extent that the MasterCard system is found to infringe on the patent. Grecia agrees. (*See* Dkt. No. 38 at 1-2 (characterizing the allegations against Target as "alleging infringement by 'using' the credit card companies' allegedly infringing systems").)

Moreover, even if Grecia were to win a damages award in the MasterCard Action, the double-recovery rule would prevent him from obtaining an additional award for use of the same infringing technology. *See, e.g.*, *Asetek Holdings, Inc. v. CoolIT Systems, Inc.*, No. C-12-4498-EMC, 2013 WL 5640905, at *2 (N.D. Cal. Oct. 11, 2013) (citing *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.2d 1298, 1303 (Fed. Cir. 2007) (stating that "a patentee may not sue users of an infringing product for damages if he has collected actual damages from a manufacturer or seller, and those damage fully compensate the patentee for infringement by users")).

Further, under the customer-suit doctrine, "'litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer' because 'in reality, the manufacturer is the true defendant in the customer suit.'" (*See Grecia v. BestBuy.com, LLC*, Case No. 16-cv-70254-RJS (S.D.N.Y.), Dkt. No. 23 at 2 (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)).) MasterCard, as the provider of the allegedly infringing payment system at issue in this case, is in the best position to litigate against Grecia's infringement claims because it has access to all of the relevant technical and proprietary information relevant to the infringement question. Moreover, the MasterCard Action is at a more advanced stage of litigation and so a stay likely will save litigants in this case time and money. *See*, *e.g.*, *Coleco Indus., Inc. v. Empire Plastic Corp.*, 321 F. Supp. 146, 148 (S.D.N.Y. 1970) ("[the manufacturer] (as well as the federal courts) would be unduly

3

burdened and inconvenienced by the necessity to try two suits involving the identical subject matter at once.").

Accordingly, a stay of the instant action pending resolution of the MasterCard Action is in the interest of efficiency and conservation of judicial resources. Additionally, a stay will not result in prejudice against Grecia. Grecia has previously indicated that a stay will lead to great efficiencies. (*See* Dkt. No. 38 at 1-2.) A stay will not limit the information Grecia can obtain or deny him any recovery.[4] *See Asetek Holdings*, No. C-12-4498-EMC, 2013 WL 5640905, at *2.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Target's renewed motion to stay the instant action pending resolution of the MasterCard Action. Accordingly, the case is **STAYED,** and the Court **SETS** a Compliance Hearing for **Friday, December 7, 2018** at **9:01 a.m.** in Courtroom 1 of the Federal Courthouse at 1301 Clay Street, Oakland, California.[5] By **Friday, November 30, 2018**, the parties shall file a joint statement informing the Court of the status of the MasterCard Action. If the joint statement is timely filed, no appearance may be required and the Compliance Hearing may be taken off calendar. Telephonic appearances will be allowed if the statement has been submitted in a timely fashion and the Court deems a hearing necessary. If at any time the MasterCard Action resolves, the parties shall notify the Court with a joint statement filed within five (5) business days thereafter.

This Order terminates Docket Number 51.

**IT IS SO ORDERED.**

Dated: September 7, 2018

*[signature]*
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] As a non-practicing individual, Grecia is not entitled to injunctive relief in this case. *See eBay Inc., v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Voda v. Cordis Corporation*, 536 F.3d 1311, 1329 (Fed. Cir. 2009).

[5] In light of the Court's order staying the instant action, Grecia's request for a pre-filing conference regarding plaintiff's proposed summary judgment motion (Dkt. No. 54) is **DENIED AS MOOT**.